# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIN POWERS,<br><br>Plaintiff,<br><br>v.<br><br>TELEGRAM, et al.,<br><br>Defendants. | Case No.: 3:25-cv-03025-RBM-JLB<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS [Doc. 2];**<br><br>**(2) DISMISSING COMPLAINT ON SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) [Doc. 1]; AND**<br><br>**(3) DENYING MOTIONS AS MOOT [Docs. 8, 11–15]** |

On November 7, 2025, Plaintiff Christin Powers ("Plaintiff") filed a Complaint against Defendants Telegram, Coran Capshaw, and Dave Matthews ( "Defendants"). (Doc. 1.) That same day, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis* ("IFP") (the "IFP Motion"). (Doc. 2.) Plaintiff has also filed several miscellaneous motions. (Docs. 8, 11–15.) For the reasons discussed below, Plaintiff's IFP Motion (Doc. 2) is **GRANTED**, the Complaint (Doc. 1) is **DISMISSED** without leave to amend, and the remaining Motions (Docs. 8, 11–15) are **DENIED AS MOOT**.

1

## I.   MOTION TO PROCEED IFP

All parties instituting any civil action, suit, or proceeding in a District Court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1]   *See* 28 U.S.C. § 1914(a).   A court may authorize the commencement of a suit without prepayment of the filing fee only if the plaintiff is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).   *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999); 28 U.S.C. § 1915(a)(1).   The plaintiff must submit a signed affidavit "that includes a statement of all assets[,] which shows [an] inability to pay initial fees or give security."   S.D. Cal. Civ. R. 3.2(a).   The facts of an affidavit of poverty must be stated "with some particularity, definiteness, and certainty."   *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)).   "An affidavit in support of an IFP [motion] is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."   *Id*. (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

Based on its review of the IFP Motion, the Court finds that Plaintiff has established the requisite level of financial need.   Accordingly, the IFP Motion (Doc. 2) is **GRANTED**.

## II.   SCREENING UNDER 28 U.S.C. § 1915(e)

A complaint filed by any person proceeding IFP is subject to mandatory screening and dismissal by the Court if the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."   28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim.").   For the reasons discussed below,

[1] Civil litigants must pay an administrative fee of $55 in addition to the $350 filing fee. *See* 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees, District Court Misc.  Fee Schedule, § 14 (eff. Dec. 1, 2023).  The additional $55 administrative fee does not apply to persons granted leave to proceed in forma pauperis ("IFP").  *Id*.

3:25-cv-03025-RBM-JLB

the Court finds the Complaint must be dismissed because Plaintiff's allegations are plainly frivolous and do not state a plausible claim.

"A complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). The definition of frivolousness "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). When determining whether to dismiss a complaint as "frivolous" under 28 U.S.C. § 1915(e)(2)(B)(i), the Court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32. Instead, the Court must "pierce the veil of the complaint," to determine if the allegations are "fanciful," "fantastic," or "delusional." *Id*. at 33 (quoting *Neitzke*, 490 U.S. at 327–28) (addressing 28 U.S.C. § 1915(d) which was re-codified at 28 U.S.C. § 1915(e)).

In this case, Plaintiff's allegations in the Complaint and in her numerous supplemental documents stem from her alleged romantic relationship with high-profile singer Dave Matthews and an alleged conspiracy by his manager, Defendant Coran Capshaw, to "stop [their] sacred marriage" and "continu[e] to control [Matthews's] money, time, and choice to marry [Plaintiff] beginning in January of 2025." (Doc. 1 at 2–3.)[2] Plaintiff claims she has paid over $159,000 in Bitcoin and sold her home "to continue getting to the point of real marriage [with Matthews] as promised and repayment" but that she has not been repaid. (*Id*.; Doc. 5 at 2.) Although Plaintiff states that law enforcement authorities have informed her otherwise, Plaintiff maintains that "this is corporate control of [their lives]" and "not a scam." (Doc. 5 at 2, 4.) Plaintiff also accuses Defendant Capshaw of subjecting Matthews to "slavery," and claims that Defendant Capshaw "handles all band and personal finances 24/7" and that he "coerced" the results of a lawsuit filed against him to continue to control Matthews. (*Id*. at 2–3; *see* Doc. 5 at 3–4 (alleging

---

[2] The Court cites the CM/ECF electronic pagination unless otherwise noted.

that Plaintiff "responded daily to the love of [her] life to discerned [*sic*] the control of this team by slave owner Coran Capshaw.").)  Plaintiff requests over $350 million, ownership of the Dave Matthews Band, and that Defendant Capshaw "stop . . . slavery and financial control over many acts that abuse women . . . ."  (Doc. 1 at 2; Doc. 7 at 2.)

"No matter how sincerely believed by Plaintiff, these allegations are simply too fantastic to warrant the expenditure of further judicial and private resources."  *Meyer v. World Bank*, No. 3:19-cv-00017-GPC (JLB), 2019 WL 2009873, at *3 (S.D. Cal. May 7, 2019) (citation omitted).  Plaintiff's allegations—in addition to being rambling and at times incoherent—"rise to the level of irrational or the wholly incredible" and are therefore subject to dismissal as frivolous under § 1915(e)(2)(B)(i).  *See Denton*, 504 U.S. at 33; *see Torres Ramirez v. Val*, Case No. 4:24-cv-02969-KAW, 2024 WL 4351138, at *1 (N.D. Cal. Sept. 3, 2024), *report and recommendation adopted sub nom. Ramirez v. Val*, No. 24-CV-02969-EMC, 2024 WL 4353054 (N.D. Cal. Sept. 30, 2024) (finding allegations that "Travis Kelce and his co-defendants are interfering with his marriage to Taylor Swift" were "plainly frivolous" and the requested relief was "plainly unavailable").

Notwithstanding Plaintiff's *pro se* status, the Court finds no reason to grant leave to amend because the Complaint lacks any basis in law or fact and such fundamental defects cannot be cured by amendment.  *See Sandoval v. Castillo*, No. 08-cv-1622-WQH-NLS, 2008 WL 4790521, at *1 (S.D. Cal. Nov. 3, 2008) ("Plaintiff's allegations are fanciful and delusional and 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984)); *Lopez*, 203 F.3d at 1127 n.8 ("When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend.").  Accordingly, the Complaint is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) without leave to amend.[3]

---

[3]   Plaintiff also fails to state a claim for which relief can be granted under § 1915(e)(2)(B)(ii), determined under the same standard as Federal Rule of Civil Procedure

4

### III.    **CONCLUSION**

Based on the foregoing, the Court **ORDERS** as follows:

1. The IFP Motion (Doc. 2) is **GRANTED**.

2. The Complaint (Doc. 1) is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2) without leave to amend.

3. The remaining Motions (Docs. 8, 11–15) are **DENIED AS MOOT**.

4. The Court **CERTIFIES** that an IFP appeal of this Order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

5. The Clerk of the Court is **DIRECTED** to close the file.

**IT IS SO ORDERED**.

DATE:  June 12, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

12(b)(6), because she identifies no viable claims or basis for the Court's jurisdiction and does not provide a "short and plain statement" as required by Rule 8. *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (stating that while the court must accept a plaintiff's allegations as true, it is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.") (citations omitted).

5

3:25-cv-03025-RBM-JLB